# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| NANCY MARKHAM | CIVIL ACTION |
| --- | --- |
| v. | NO. 19-5464 |
| ETHICON, INC., JOHNSON & JOHNSON | |

**MEMORANDUM RE: MOTION TO DISMISS**
**OR IN THE ALTERNATIVE, TRANSFER VENUE**

**Baylson, J.**                                                                                                                                       **March 6, 2020**

## I.  Factual Background and Procedural History

This case concerns allegations that Plaintiff was harmed by a defective pelvic mesh device. Plaintiff, a resident of eastern Washington state, originally filed suit in the Philadelphia Court of Common Pleas. After the state court dismissed all claims against the sole Pennsylvania defendant, the remaining Defendants removed the suit to federal court. Plaintiffs then sought remand, which this Court denied. Markham v. Ethicon, Inc., Civil Action No. 19-5465, 2020 WL 372147 (E.D. Pa. Jan. 22, 2020) (Baylson, J.). Before the Court now is Defendants' Motion to Dismiss or, in the Alternative, Transfer Venue.[1]

Defendants' motion for a transfer to the Eastern District of Washington will be GRANTED. Plaintiff is a resident of that district, was implanted with the device there, and suffered injury there, and the predominant, and maybe only, remaining discovery in this case will take place there. The Eastern District of Washington is therefore a more convenient and appropriate forum.

---

[1] Defendants filed the Motion on November 19, 2019, ECF 7, while Plaintiff's Motion for Remand was being briefed. Plaintiff responded on December 10. ECF 12. Defendants replied on December 17. ECF 13. The Court ruled on the Motion to Remand on January 22, 2020. ECF 24, 25. Oral argument on this Motion then took place on March 5, 2020. ECF 29.

1

Because transfer is warranted, Defendants' contentions that this Court cannot exercise specific personal jurisdiction over them in this case are moot. For that reason, Defendants' Rule 12(b)(2) motion will be DENIED without prejudice.

## II. Discussion

### a. Legal Standard

Defendants may move for transfer pursuant to 28 U.S.C. § 1404(a). That statute provides that a district court may, "[f]or the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). The burden is on the defendant, Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995), and such a transfer "is not to be liberally granted," Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970).

In deciding whether to transfer a case, a court should consider at least twelve factors. Id. The first six, which address the private interests in the case, are (i) the plaintiff's forum preference; (ii) the defendant's preference; (iii) where the claim arose; (iv) the convenience of the parties; (v) the convenience of the nonparty witnesses to the extent that the witnesses may be unavailable for trial in one of the fora; and (vi) the location of records to the extent that they could not be produced in the alternative forum. Id. The next six, which address the public interests in the case, are (vii) the enforceability of the judgment; (viii) practical considerations that could make the trial easy, expeditious, or inexpensive; (ix) the relative administrative difficulty in the two fora resulting from court congestion; (x) the local interest in deciding controversies at home, (xi) the public policies

of the fora; and (xii) the familiarity of the trial judge with applicable state law in diversity cases. Id. at 879–80. This list is not exhaustive. Id. at 879.[2]

Of these factors, the plaintiff's choice of forum is the primary consideration, "and that choice should not be lightly disturbed." Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). However, the plaintiff's forum preference is owed less deference "where the operative facts giving rise to the action occurred in another district and the plaintiff chooses a venue of which he is not a resident." Cooper ex rel Estate of Cooper v. Correct Care Sols., Civil Action No. 18-4358, 2019 WL 1227713, at *4 (E.D. Pa. March 15, 2019) (Baylson, J.) (quoting Mullen v. Norfolk S. Ry. Co., No. 13-6348, 2014 WL 1370119, at *9 (E.D. Pa. Apr. 8, 2014) (Baylson, J.)).

**b. Analysis**

Unquestionably, the action "might have been brought" in the Eastern District of Washington. A civil action may be brought in a district where "a substantial part of the events . . . giving rise to the claim occurred." 28 U.S.C. § 1391(b). Plaintiff was implanted with the device and suffered injury in the Eastern District of Washington. Because the action may be transferred to the Eastern District of Washington, the Court will turn to the question of whether it should be.

    i.    The Private Interest Factors

*Plaintiff's preference:* Plaintiff's preference is to remain here. However, Plaintiff is not a resident of this district, and she was not injured in this district. Therefore her forum preference is entitled to less deference than it ordinarily would be. See Cooper, 2019 WL 1227713, at *4

---

[2] Plaintiff recommends that the Court consider the pendency of related cases in either district as another public interest factor. The Court agrees that this may sometimes be a relevant consideration. Here, there are similar suits pending in both districts. This factor would therefore be neutral.

(quoting Mullen, 2014 WL 1370119, at *9). This is true even accepting that one step in the manufacturing of the pelvic mesh device at issue took place in this district. This factor therefore weighs against transfer, but not as strongly as it ordinarily would.

*Defendant's preference:* Defendant's preference is to transfer the case to the Eastern District of Washington. This factor weighs in favor of transfer.

*Where the claim arose:* The claim largely arose in Washington; Plaintiff was implanted with the device and treated there. Even accepting that some relevant manufacturing activity took place here, this factor weighs in favor of transfer.

*Convenience of parties:* Plaintiff is a Washington resident. It is not clear where all of Defendants' relevant witnesses may be located, although Defendants have asserted that all are located outside Pennsylvania. The parties will likely find the Eastern District of Washington a more convenient forum. This factor weighs in favor of transfer.

*Convenience of nonparty witnesses:* The most likely nonparty witnesses are Plaintiff's medical providers, who are Washington residents. Those providers are outside of the Eastern District of Pennsylvania's 100-mile compulsory subpoena radius. See Fed. R. Civ. P. 45(b)(2)(B). This factor weighs in favor of transfer.

*Location of books and records:* "[G]iven the availability of modern technology, the possible location of records [elsewhere] is of limited significance." Leone v. Cataldo, 574 F. Supp. 2d 471, 486 (E.D. Pa. 2008) (Brody, J.). The location of relevant books and records is neutral.

    ii.    The Public Interest Factors

*Ease, expeditiousness, and expense of trial:* At oral argument, the parties agreed that most discovery will take place in Washington. Due to the large volume of pelvic mesh litigation to date, including many cases that have been tried to a verdict, there is little device-specific discovery to

be done.  Given that, the Court is satisfied that the close proximity of Plaintiff and the likely third-party fact witnesses to the Eastern District of Washington will make trial easier, more expeditious, and cheaper than it would be here.  This factor weighs in favor of transfer.

*Local interest in deciding local controversies:* Washington has the greater local interest in deciding this controversy.  "[W]hen the plaintiff is not a resident of his chosen forum, the court looks to 'where a majority of events took place in determining which district has a greater local interest.'" Lehr v. Stryker Corp., No. 09-2989, 2010 WL 3069633, at *6 (E.D. Pa. Aug. 4, 2010) (Slomsky, J.)  (quoting Hamilton v. Nochimson, No. 09–2196, 2009 WL 2195138, at *3 (E.D. Pa. July 21, 2009) (O'Neill, J.)).  A majority of the events of this case took place in Washington.  This factor weighs in favor of transfer.

*Other public interest factors:* The remaining public-interest factors are neutral or *de minimis*.

  iii.    Weighing the Factors

Only Plaintiff's preference for remaining in this forum weighs against transfer.  On the other side of the scales are Defendant's preference; the particularly weighty fact that discovery and trial in the Eastern District of Washington will be more convenient, easier, swifter, and less expensive; and Washington's interest in deciding what is largely a Washington controversy.  Upon weighing the factors, the Court concludes that Defendants have met their burden.  Transfer to the Eastern District of Washington is warranted.[3]

---

[3] This outcome is consistent with the conclusions Judges DuBois, Kearney, and Quiñones-Alejandro reached in related cases.  See Quinn v. Ethicon, Inc., Civil Action No. 19-5462, 2020 WL 977326, at *5 (E.D. Pa. Feb. 27, 2020) (DuBois, J.); Monroe v. Ethicon, Inc., Civil Action Nos. 19-5385, 19-5461, 2019 WL 7050130, at *16 (E.D. Pa. Dec. 23, 2019) (Kearney, J.); Order at 2 n.2, Cavanaugh v. Ethicon, Inc. Civil Action No. 19-2014 (E.D. Pa. Dec. 16, 2019) (Quiñones-Alejandro, J.); Order at 2 n.2, Wilson v. Ethicon, Inc. Civil Action No. 19-2014 (E.D. Pa. Dec. 16, 2019) (Quiñones-Alejandro, J.).

## III.     Conclusion

For the foregoing reasons, Defendants' Motion will be GRANTED as to transfer, and DENIED, without prejudice, as to dismissal.  An appropriate order follows.

O:\CIVIL 19\19-5464 Markham v Ethicon\19cv5464 Memorandum re Motion to Dismiss or Transfer.docx